IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WALTER M. STEWART, JR., | Cause No. CV 21-65-BLG-SPW |
| Petitioner, | |
| vs. | ORDER |
| PETE BLUDWORTH and AUSTIN KNUDSEN, | |
| Respondents. | |

On June 8, 2021, Petitioner Walter M. Stewart, Jr., filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Stewart is a state prisoner proceeding pro se. The Court denied Stewart's double jeopardy claim on screening but directed Defendants to file an Answer regarding Stewart's other claim. (Doc. 7.) Defendants filed their Answer and accompanying exhibits on January 6, 2023. (Doc. 9.) Based on review of the documents on file, the Court determines that the petition should be dismissed.

## I.  Background

Stewart has a complicated history of convictions, not all of which is relevant here. The Montana Supreme Court recounts his history thus:

> In 2002, Stewart pleaded guilty to two counts of criminal endangerment. The District Court sentenced him to two ten-year

1

> prison terms, to run consecutively, with all time suspended. At the beginning of 2012, Stewart completed his first ten-year suspended sentence and it was discharged. He then began serving his second ten-year suspended sentence. Subsequently, Stewart was convicted of a separate charge in federal court. The federal court sentenced Stewart to federal custody and thereafter a period of supervised release. Stewart was already serving his second ten-year suspended sentence when the federal court sentenced Stewart; thus, it appears that the federal sentence was intended to run concurrently with Stewart's second ten-year suspended sentence.
>
> In November 2015, the State filed a petition to revoke Stewart's second ten-year sentence based on Stewart's failure to comply with the conditions of its suspension. Following a hearing, the District Court revoked Stewart's suspension and imposed a ten-year prison sentence with no time suspended. The District Court further ordered the ten-year prison sentence to run consecutively to Stewart's federal sentence.

*State v. Stewart*, 2018 MT 52N, ¶¶ 3 – 4, DA 16-0246 (Order, March 20, 2018).

Stewart appealed his sentence on the State revocation. *Id.* The Supreme Court agreed with him that the district court could not order his revocation sentence to be consecutive to his underway federal sentence. *Id.*, at ¶6. The Court ordered that Stewart's revocation sentence run concurrently with his federal sentence and remanded the case for the district court to amend its judgment accordingly. *Id.*, at ¶¶ 6, 11. The district court amended its Dispositional Order and Judgment on March 21, 2018, with a filing date of March 27, 2018. (Doc. 9-22 at 2.)

## II. Claims

The State understood the petition to raise the following claims:

2

> 1. Stewart's 2016 revocation sentence calculation does not account for the Montana Supreme Court's order requiring his state revocation sentence to run concurrent to his federal sentence.
> 2. Stewart's due process rights were violated due to an alleged modification of his original 2002 sentence from two concurrent 10-year suspended state prison terms to two consecutive ten-year suspended state prison terms, which happened without his knowledge or presence.

(Doc. 9 at 10.)

The Court's prior Order enumerated two claims, double jeopardy and the sentence calculation, but concurs with the State's assessment that Stewart may have intended a third claim related to the "modification" of his original sentence, which he mentions a number of times in his petition. (Doc. 9 at 10 (referring to Stewart's Doc. 1-2).) This third claim is factually inaccurate, as the State points out. Stewart's plea agreement described the sentences as running consecutively, (Doc. 9-4 at 1), the district court's initial judgment said his sentences would run consecutively, (Doc. 9-7 at 4), though the statutes of conviction were inaccurate, and the amended judgment that corrected the statutes of conviction stated the sentences would run consecutively, (Doc. 9-10 at 4). There is simply no factual basis for Stewart's assertion that his sentences were changed from concurrent to consecutive at any point. There is support for the fact that there was occasionally confusion, between the Department of Corrections, his probation officers, his lawyers, and Stewart, but the judgments and the plea agreement said what they

3

said. Therefore, the Court will not consider this ground for relief.

The State's initial argument, which is dispositive, is that Stewart's petition is barred by the statute of limitations. The Court concurs.

### III. Analysis

The statute of limitations defense is a threshold issue that must be resolved before the merits of individual claims and before other procedural issues. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002). A one-year limitations period applies to Stewart's federal petition. As relevant here, "[t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> [...] or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If subsection (A) applies, the federal petition should have been filed within one year of the date Stewart's conviction became final. Stewart's Amended Disposition on his 2015 revocation was entered on March 27, 2018. Stewart had sixty days to file a notice of appeal regarding that judgment, which he did not do. Therefore, Stewart's judgment became final on May 27, 2018, and the clock would

have started ticking, absent some form of tolling.

## A. Statutory tolling

The statute of limitations is tolled under 28 U.S.C. § 2244(d)(2) for any period of time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Duncan v. Walker*, 533 U.S. 167, 176 (2001). A properly filed application for collateral relief in state court tolls the statute of limitations until that application is finally resolved, including any appeals to higher courts. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Stewart filed an application for review of his sentence with the Sentence Review Division of the Montana Supreme Court on April 9, 2018.[1] (Doc. 9-23.) The Review Decision affirmed his sentence on August 9, with the order entered August 31, 2018. (Doc. 9-24.) Tolling applies to postconviction relief proceedings, such as Montana's sentence review process. *Wall v. Kholi*, 562 U.S. 545 (2011); *Rogers v. Ferriter*, 796 F.3d 1009 (9th Cir. 2015). Statutory tolling merely pauses the clock; it does not start the limitation period anew. *Ferguson v. Palmateer*, 321

---

[1] The State points out an apparent date stamping error on Stewart's Application. It is stamped March 9, 2018, yet Stewart's signature is dated April 1, 2018. Since the district court's Amended Disposition was not signed until March 21, 2018, and entered on March 27, it makes more sense to interpret the application as having been filed April 9, and not March 9. The district court's case register supports this view. (Doc. 9-1.)

F.3d 820, 823 (9th Cir. 2003). Thus, once the statutory limitation period has run, a state collateral action cannot revive it. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

The first day of Stewart's one-year statute of limitations began May 27, 2018, as stated above. But Stewart's application to the Division was pending on that day, so the limitation period was tolled through the completion of sentence review on August 31, 2018. Thus, Stewart had until September 1, 2019 to timely file his federal petition. Instead, he filed the petition on June 8, 2021, 646 days after the limitation period expired.

Stewart's situation appears complicated, but is not, by the fact that he filed two petitions for writs of habeas corpus in the Montana Supreme Court, after his sentence review and before he filed his federal petition. Stewart filed his first state postconviction petition on May 7, 2020, and the second on September 18, 2020. (Docs. 9-25, 9-28.) Because the federal limitation period had already run, there was nothing to toll when Stewart filed his state habeas petitions. The habeas petitions do not modify the calculation of Stewart's timeliness.

**B. Equitable Tolling**

The one-year statute of limitations under Section 2254 is subject to the doctrine of equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). Equitable tolling only applies when extraordinary circumstances actually prevented

6

the timely filing of a habeas petition.

> [E]quitable tolling is not available whenever there is an extraordinary circumstance that impaired the litigant for some portion of the limitations period. It may apply only when an extraordinary circumstance prevented a petitioner from filing before the deadline expired. The only way for a court to evaluate whether an extraordinary circumstance caused the untimely filing is to examine and assess the facts of the case to determine whether a petitioner acting with reasonable diligence could have filed his claim, despite the extraordinary circumstance, before the limitations period expired.

*Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) (en banc).

Stewart is not entitled to equitable tolling. Subsequent to his sentence review, he filed two state habeas petitions. The Montana Supreme Court determined that neither had merit. Though they were filed after his statute of limitations had run, they demonstrate that there was no impediment to Stewart filing his federal petition. (Docs. 9-25, 9-28.) He simply failed to do so.

### IV. Conclusion: Stewart's Petition Is Time-Barred

Stewart does not allege facts sufficient to support a realistic inference that he might be entitled to statutory or equitable tolling, or that he might be actually innocent. His petition will be dismissed with prejudice as time-barred.

### V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Stewart's allegations do not meet the relatively low threshold of a substantial showing that he was deprived of a constitutional right. Nor could reasonable jurists find room to debate that Stewart's petition was filed too late. He does not show actual innocence or have reasons to support equitable tolling. He simply was not diligent in challenging his Yellowstone County conviction.

Accordingly, the Court HEREBY ORDERS:

1. The petition (Doc. 1) is DISMISSED WITH PREJUDICE as time-barred without excuse.

2. The Clerk is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED. The Clerk is directed

immediately to process the appeal if Stewart files a notice of appeal.

DATED this 6th day of March, 2023.

                                          *Susan P. Watters*
                                          Susan P. Watters
                                          United States District Judge